OPINION
Defendant, Joseph Williams, appeals from his conviction and sentence for aggravated robbery and felonious assault.
Williams was a participant in a robbery during which the victim was shot. Williams was indicted on one count of aggravated robbery, R.C.2911.01(A)(1), and one count of felonious assault, R.C. 2903.11(A)(2). A three year gun specification was attached to each charge, per R.C.2941.145.
Williams entered guilty pleas to both charges pursuant to a negotiated plea agreement. In exchange, the State dismissed the gun specifications. The trial court sentenced Williams to five years imprisonment on the aggravated robbery and four years on the felonious assault, the sentences to run concurrently.
Williams has timely appealed to this court from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FAILING TO GIVE THE MANDATORY NOTIFICATIONS REQUIRED BY O.R.C. 2929.19(B)(3) TO DEFENDANT, JOSEPH R. WILLIAMS, AT THE SENTENCING HEARING.
R.C. 2929.19(B)(3) requires the trial court, when imposing a prison term, to provide certain notifications to the offender at sentencing. The statute provides in relevant part:
 Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
 (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
* * *
 (e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender;
 (f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse.
Pursuant to R.C. 2967.11, the parole board has authority to punish a violation of prison rules by extending a prisoner's sentence, the so called "bad time" provision. R.C. 2929.19(B)(3)(b) requires the trial court to notify an offender of that fact at the sentencing hearing. InState ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, the Ohio SupremeCourt struck down R.C. 2967.11 as an unconstitutional violation of theseparation of powers doctrine. Accordingly, the trial court's failure inthis case to notify Williams about the "bad time" provision, which is nolonger in force, is harmless error. State v. Woods (Mar. 15, 2001),Cuyahoga App. No. 77713, unreported.
 R.C. 2929.19(B)(3)(c) and (e) require the trial court to advise anoffender at sentencing that upon his release from prison he may berequired to serve a period of "post release control" under thesupervision of the parole board pursuant to R.C. 2967.28, and theconsequences for violating any provision of that post release control,including imposition of additional prison time up to one-half of theoriginal sentence imposed by the trial court.
 The trial court did not orally provide this notification to Williams oraddress post release control during sentencing. Nevertheless, Williamswas adequately advised about post release control. The plea form whichWilliams signed contained information about the terms of his post releasecontrol and the potential penalty for violating it. Likewise, the trialcourt's sentencing/termination entry contained information about postrelease control. Such notification is sufficient to satisfy therequirements of R.C. 2967.28 and R.C. 2929.19(B)(3). Woods v. Telb(2000), 89 Ohio St.3d 504; State v. Bassett (August 30, 2001), CrawfordApp. No. 3-01-07, unreported; State v. Yoho (Feb. 14, 2000), Belmont App.No. 99-BA-10, unreported.
 R.C. 2929.19(B)(3)(f) requires that the trial court admonish anoffender who is sentenced to serve a prison term to not use drugs. Withrespect to Williams' complaint that the trial court failed to comply withthis provision during sentencing, our previous rejection of this sameclaim applies in this case:
 In State v. McDargh, supra, we disposed of this same claim in the following manner:
 Appellant does not indicate how he was prejudiced by the trial court's failure to comply with the requirements of R.C. 2929.19(B)(3)(f).
 R.C. 5120.63(B) requires that the Ohio Department of Rehabilitation and Corrections establish and administer a statewide random drug testing program in state correctional institutions. Nothing in R.C. 2929.19(B)(3)(f) requires the trial court to notify the defendant that he may be subjected to random drug testing while the defendant is incarcerated.
 The same rationale applies here. The requirements which R.C. 2929.19(B)(3)(f) imposes were intended to facilitate drug testing of prisoners in state institutions by discouraging a defendant who is sentenced to a prison term from using drugs. If a defendant at that point is incarcerated, as almost all defendants are, the utility of this admonition is elusive, at best. However, the General Assembly has come to favor such prescriptions imposed by statute on the judicial branch, and the courts of this state are instructed to give them the utmost deference whether they are sensible or not. Even so, in this particular instance the court's failure to comply with the statutory requirement is harmless error because Defendant Dixon suffered no prejudice to his rights as a result.
State v. Leonard Dixon (Dec. 28, 2001), Clark App. No. 01CA17, unreportedat 15-16.
 Williams, likewise, has failed to offer any explanation of how he wasprejudiced by the trial court's failure to comply with R.C.2929.19(B)(3)(f). Accordingly, that error is harmless at best.
 The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GIVE SUFFICIENT CONSIDERATION TO THE MITIGATING FACTORS SET FORTH IN O.R.C. 2929.12 WHEN SENTENCING MR. WILLIAMS.
 Williams complains that the trial court abused its discretion when itimposed on him a like five year prison sentence imposed on hisco-defendant, Adrian Burke, because the trial court failed to giveadequate consideration to certain mitigating factors: that Williams hadno prior convictions as an adult, that he was not the shooter, and thathe is remorseful for his actions.
 The permissible sentencing range for aggravated robbery, a first degreefelony, is 3, 4, 5, 6, 7, 8, 9, or 10 years. R.C. 2929.14(A)(1). Forfelonious assault, a second degree felony, the trial court may impose asentence of 2, 3, 4, 5, 6, 7, or 8 years. R.C. 2929.14(A)(2). The fiveyear sentence imposed by the trial court for aggravated robbery, and thefour year sentence imposed for felonious assault, are well withinallowable statutory limits.
 Causing serious physical harm to a victim is a factor that weighs infavor of a harsher sentence. R.C. 2929.12(B)(2). Although Adrian Burke,not Williams, was the actual shooter, the presentence investigationreport indicates that Williams gave Burke the gun he used to shoot thevictim. Williams and Burke acted in concert in committing these crimes.As the trial court noted, these crimes were violent and resulted inserious injury to the victim via a gunshot wound.
 Although Williams has no previous convictions as an adult, R.C.2929.12(E)(2), he was only nineteen at the time these offenses werecommitted, and he has a previous delinquency adjudication for arson.R.C. 2929.12(D)(2).
 As for Williams' claim that he is genuinely remorseful, R.C.2929.12(E)(5), the presentence report demonstrates that Williamsattempted to minimize his responsibility by blaming his co-defendants forwhat had transpired. That is not genuine remorse, but merely evasion.
 At sentencing the trial court stated that it considered the presentencereport and all other matters required by law. Moreover, the trial courtmade the statutory findings required in order to impose more than theminimum sentence. R.C. 2929.14(B); State v. Edmonson (1999),86 Ohio St.3d 324. No abuse of discretion on the part of the trial court in sentencing has been demonstrated.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.